**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-24-0000024**
**23-JAN-2026**
**07:47 AM**
**Dkt. 57 SO**

NO. CAAP-24-0000024

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DONNELL R. GILLIARD, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-23-0002286)


**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and McCullen, JJ.)

After a jury-waived trial, Donnell R. **Gilliard** was found guilty of Terroristic Threatening in the Second Degree because of an incident on July 19, 2023. He appeals from the *Notice of Entry of Judgment and/or Order* entered by the District Court of the First Circuit, Honolulu Division, on December 19, 2023.[1] We affirm.

Gilliard states a single point of error: "The district court erred when it violated Mr. Gilliard's constitutional confrontation right by allowing the complaining witness to hide her face while testifying."

The Sixth Amendment to the United States Constitution and article 1, section 14 of the Hawaiʻi Constitution guarantee a defendant in a criminal case the right "to be confronted with the witnesses against" them. The United States Supreme Court has stated that

---

[1] The Honorable David M. Hayakawa presided.

> the right guaranteed by the Confrontation Clause includes not only a "personal examination," but also (1) insures that the witness will give his statements under oath — thus impressing him with the seriousness of the matter and guarding against the lie by the possibility of a penalty for perjury; (2) forces the witness to submit to cross-examination, the greatest legal engine ever invented for the discovery of truth; and (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility.
>
> The combined effect of these elements of confrontation — physical presence, oath, cross-examination, and observation of demeanor by the trier of fact — serves the purposes of the Confrontation Clause by ensuring that evidence admitted against an accused is reliable and subject to the rigorous adversarial testing that is the norm of Anglo-American criminal proceedings.

Maryland v. Craig, 497 U.S. 836, 845–46, 110 S. Ct. 3157, 3163, 111 L. Ed. 2d 666 (1990) (cleaned up).

Here, the complaining witness (**CW**) testified in person at Gilliard's trial. She wore sunglasses and a surgical mask when she took the stand. Gilliard asked that she remove her sunglasses. The trial court granted the request. CW complied.

After CW identified Gilliard, Gilliard asked that CW remove her mask. It appears the trial court may have thought in part that Gilliard had difficulty hearing CW's testimony. After correctly noting that it could allow CW to wear a face mask,[2] the court advised CW, "if we're going to keep the mask on, you have to raise your voice."

Gilliard clarified and asked that CW use a clear mask "For our confrontation purposes."

CW stated, "I don't want [Gilliard] to see me. I don't want to reveal my face to him."

The trial court provided CW with a clear mask. She put it on. But Gilliard argues CW then "covered her face with her hands."

At one point, the deputy prosecuting attorney told CW, "You can take your hands off your – – [.]"

---

[2] "The Presiding Judge has the authority to require the use of face masks in that Judge's courtroom." In re Cir. Ct. of the 1st Cir.'s Response to the COVID-19 Outbreak, SP No. 1CSP-20-0000082, dkt. 218 at 3 (General Order #3 Regarding All Trial Courts of the First Circuit of the State of Hawaiʻi) (Haw. 1st Cir. Apr. 10, 2023).

CW responded, "I don't want him to see my full face."

Gilliard never objected to CW covering her face with her hands. Nor did he make a record of what parts of CW's face were covered or whether she continued to cover any part of her face after this one point in the proceeding.

The trial court then stated:

> I understand the defense concern about this particular issue. I don't believe it's a concern. I think you can -- the court is able to judge credibility. I'm judging credibility based on what people say. I get the issue with the mask. And I get why it's hard to hear with the mask behind here. And I think content of what people are saying is what the major factor in this particular case will be.

The State's direct examination continued without further mention of the issue. Gilliard conducted an extensive cross-examination without objecting to or otherwise mentioning CW covering her face. There was redirect, and recross, without the face-covering issue arising.

When the trial court announced its verdict it stated, "I want to make it clear that I find the complaining witness to be credible in the sense of she was freaked out by specific statements you made. . . . [T]here is proof beyond a reasonable doubt that you did say I'm gonna kill you, that it was directed at this particular lady."

On this record, we conclude there was no constitutional violation. The December 19, 2023 Notice of Entry of Judgment and/or Order is affirmed.

DATED: Honolulu, Hawaiʻi, January 23, 2026.

On the briefs:

Sara K. Haley,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge